# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY, | |
| Plaintiff, | CIVIL ACTION NO. 3:11-CV-102 |
| v. | (JUDGE CAPUTO) |
| JOSEPH DUNN and MARY ANN DUNN, | |
| Defendants. | |

## **MEMORANDUM**

Presently before the Court is the plaintiff's complaint, which insufficiently alleges the diversity of the parties. (Doc. No. 1.) Because the complaint fails to properly plead the existence of subject matter jurisdiction, the complaint will be dismissed.

### **Background**

The plaintiff filed a complaint against defendants Joseph and Mary Ann Dunn, husband and wife. The complaint invokes this Court's jurisdiction under 28 U.S.C. § 1332, the diversity jurisdiction statute.

The complaint describes the plaintiff insurer as an Ohio corporation "with a principal place of business" in Conshohocken, Pennsylvania. Defendants are described as having "an address at 846 Alberdeen Road, Mountaintop, Luzerne County, Pennsylvania." The defendants are later described as residing in Pennsylvania.

1

**Analysis**

Under the diversity jurisdiction statute, 28 U.S.C. § 1332, "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States . . . ." When diversity of citizenship provides the grounds for federal jurisdiction, "the pleadings should affirmatively disclose that such diversity exists." *Osthaus v. Button*, 70 F.2d 392, 392 (3d Cir. 1934). Complete diversity must exist between the adverse parties in the action; that is, the citizenship of each plaintiff must be diverse from that of each defendant. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978).

For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where he is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179 182 (3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)). To be domiciled in a state, a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan*, 465 F.2d 1298, 1300–01 (3d Cir. 1972). A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619 (1914). In contrast, corporations may have more than one state of citizenship: "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has *its* principal place of business." 28 U.S.C. § 1332(c)(1).

Properly alleging diversity jurisdiction does not require extended allegations. Form 7 in the Appendix of Forms of the Federal Rules of Civil Procedure provides examples of properly invoking diversity-of-citizenship jurisdiction. This form instructs that one may simply state, for example, that "the plaintiff is a citizen of Michigan," and that "[t]he defendant is a

2

corporation incorporated under the laws of New York with its principal place of business in New York." The form gives the following example of properly alleging the amount in controversy: "[t]he amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332."

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999). Here, the complaint fails to properly plead the existence of subject matter jurisdiction.

The complaint fails to adequately allege diversity of citizenship. Here, the plaintiff fails to allege the citizenship of a single party. The Court is informed of the states in which the defendants "reside," or "have an address." Residence is not the same as domicile and does not establish citizenship for diversity purposes. *See Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("Where one lives is prima facie evidence of domicile, but mere residency in a state is insufficient for purposes of diversity.") (internal citations omitted).

Likewise, the complaint fails to allege the plaintiff's citizenship properly. *See S. Freedman & Co., Inc. v. Raab*, 180 Fed. App'x 316, 320 (3d Cir. 2006) (quoting *Joiner v. Diamond M Drilling Co.*, 677 F.2d 1035, 1039 (5th Cir. 1982) ("In order to adequately establish diversity jurisdiction, a complaint must set forth with specificity a corporate party's state of incorporation and its principal place of business.")). The Court is informed that the plaintiff has *a* principal place of business in Pennsylvania, but not where it maintains *its* principal place of business, of which it can have only one. *See S. Freedman & Co., Inc. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (affirming the district court's dismissal of a complaint alleging where the plaintiff corporation maintained "*a* principal place of business,"

3

rather than "*its* principal place of business"); *Lincoln Nat. Life Ins. Co. v. Balyasnaya J. Life Ins. Trust*, No. 08-6315, 2009 WL 198240, at *1 (D.N.J. Jan. 23, 2009) (dismissing complaint for lack of jurisdiction where plaintiff only alleged where it maintained "a" principal place of business). Moreover, if the defendants are citizens of Pennsylvania, and the plaintiff's principal place of business is in Pennsylvania, the Court's subject-matter jurisdiction is destroyed, and the parties must litigate this dispute in state court. Therefore, this case can only go forward if the plaintiff's principal place of business is in a state other than the state of the defendants' citizenship.

Additionally, the complaint fails to properly plead subject matter jurisdiction because it does not allege that the amount in controversy exceeds $75,000, *exclusive of interest and costs*. Instead, the complaint merely alleges that the amount in controversy exceeds $75,000. This allegation is not sufficient to implicate the court's subject matter jurisdiction.

Although the plaintiff has failed to properly allege diversity jurisdiction, it may be able to do so if given the opportunity to amend. District courts must permit a curative amendment unless an amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (citing *Shane v. Fauver,* 213 F.3d 113, 113 (3d Cir. 2000)). The plaintiff will be given time to amend and the Court urges it to properly allege (1) the citizenship of the defendants;(2) the state where the plaintiff has *its* principal place of business; (3) whether the amount in controversy is $75,000, *exclusive of interest and costs*.

## Conclusion

As it currently stands, the complaint fails to show the existence of subject matter jurisdiction. The plaintiff is directed to file an amended complaint within twenty-one (21) days

sufficiently alleging jurisdiction. The plaintiff is further advised that failure to respond in the manner explained above will result in the dismissal of his complaint. An appropriate order follows.


January 19, 2011  /s/ A. Richard Caputo
Date  A. Richard Caputo
 United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSEPH DUNN and MARY ANN DUNN,<br><br>    Defendants. | NO. 3:11-CV-102<br><br>(JUDGE CAPUTO) |

## **ORDER**

**NOW**, this 19th day of January, 2011, **IT IS HEREBY ORDERED:**

1.) Within twenty-one (21) days of the date of this order, the plaintiff may file an amended complaint.

2.) The plaintiff's failure to file an amended complaint will result in the dismissal of this action.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge
